IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DESIREE SIMMONS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION 04-0556-BH-D |
| ) | |
| **ST MOBILE AEROSPACE** ) | |
| **ENGINEERING, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the court on defendants' motion for extension of time to submit request for attorney fees wherein defendants request an extension of time from October 3, 2005 until October 5, 2005 to file their motion for attorney fees. (Doc. 31). This matter is also before the court on defendants' motion for attorney fees. (Doc. 32). Upon consideration, the motion for extension of time (Doc. 31) is **GRANTED** and the motion for attorney fees (Doc. 32) is **GRANTED** as set forth herein.

By order entered September 23, 2005, the court held that plaintiff's failure to appear at her August 23, 2005 scheduled deposition was not substantially justified and that there were no circumstances which made an award of expenses unjust.[1] (Doc. 27). Therefore, the court held that if defendants' wished to seek reimbursement for any costs or attorney's fees incurred for pursuing

---

[1] Pursuant to FED. R. CIV. P. 37(d), if a party fails to attends its deposition, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

plaintiff's August 23, 2005 deposition they should submit a request to the court. (Id.).

Defendants have now submitted their motion for attorneys fees wherein they request the amount of $2,398.50. (Doc. 32). Defendants support their request with an itemized statement of time spent and the fee charged in preparing to depose plaintiff on three occasions and communicating with all defendants in regard to the cancellation and rescheduling of the depositions. (Id.). Plaintiff was ordered to respond to the request by October 7, 2005 (Doc. 27) but no response has been filed.

As stated herein, this court previously determined that plaintiff's position in regard to her failure to attend the August 23, 2005 deposition was not substantially justified and that there were no circumstances which made an award of expenses unjust. FED. R. CIV. P. 37(d). (Doc. 27). Therefore, the undersigned finds that this is an appropriate case under Rule 37 for the reimbursement of the defendants' attorney fees and cost which were caused by the failure of plaintiff to attend the August 23, 2005 deposition. In calculating what is reasonable under the circumstances, the court has excluded time spent in preparing for the first deposition and the deposition scheduled for August 3, 2005. Defense counsel would have expended time to prepare for the deposition had it been timely held thus the expenses were not caused by plaintiff's failure to attend the August 23, 2005 deposition. The court has relied upon the time entries for August 22 (.50 hour) and August 24, 2005 (.30 hour), which occurred in connection with the failed deposition of August 23, 2005. The court has also relied upon the time entries for September 23, 2005 (1.60 hours) as a second preparation necessitated by plaintiff's failed appearance on August 23, 2005, and the time entries for September 26, 2005 (.30 and .20) which record defense counsel's conversations with plaintiff's counsel in regard to plaintiff's unavailability.

Accordingly the court finds that defendants' request for fees in the amount of $ 503.50 is not

unreasonable in these circumstances,[2] and thus defendants' motion for attorney fees is **GRANTED in part.** Plaintiff is **ORDERED** to pay to defendants through counsel for defendant, the sum of $503.50 on or before **November 14, 2005**.

DONE the 17th day of October, 2005.

        s / Kristi K. DuBose
        KRISTI K. DUBOSE
        UNITED STATES MAGISTRATE JUDGE

---

[2] A court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994), citing Norman v. Housing Authority, 836 F.2d 1292, 1303 (11th Cir. 1988), quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940).