IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DESIREE SIMMONS,** )<br>)<br>  **Plaintiff,** )<br>)<br>vs. )<br>)<br>**ST MOBILE AEROSPACE** )<br>**ENGINEERING, INC., et al.,** )<br>)<br>  **Defendants.** ) | CIVIL ACTION  04-0556-BH-D |

## REPORT AND RECOMMENDATION

This action is before the court on plaintiff's motion to extend discovery deadline (Doc. 29) and defendants' second motion to dismiss and response to plaintiff's motion to extend discovery deadline (Doc. 30). These matters have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Upon consideration, and for the reasons stated herein, the undersigned recommends that this action be **DISMISSED** without prejudice for failure to prosecute.

**Procedural History**

On August 25, 2004, plaintiff Desiree Simmons filed a complaint against defendants ST Mobile Aerospace Engineering, Inc.; George Smith, individually; Carlos Amelco, individually; Cordell Davis, individually; and Scott Ryals, individually. (Doc. 1). Plaintiff sought declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorneys fees for sexual harassment, sexual discrimination and retaliation. (Id.).

Plaintiff was initially scheduled for deposition on June 15, 2005 but the deposition was not held

because of a conflict. (Doc. 24, Defendants' first Motion to Dismiss for Failure to Participate in Discovery). On July 28, 2005, defendants filed their amended notice of plaintiff's deposition (Doc. 18) and a deposition was scheduled for August 3, 2005. (Doc. 19).

However, on August 15, 2005, the parties filed a joint motion to extend the discovery period until September 15, 2005 for the limited purpose of deposing plaintiff and subpoenaing documents identified in her deposition. (Doc. 19). As grounds, the parties stated that plaintiff's deposition was scheduled for August 3, 2005, but plaintiff, who had moved to Pennsylvania, lost her job and could not afford to return to Mobile, Alabama for the deposition.[1] The parties also stated that plaintiff would be able to return to Mobile on August 23, 2005 for her deposition. (Id.). The motion was granted on August 18, 2005. (Doc. 23). On August 22, 2005, defendants were informed by plaintiff's counsel that plaintiff would not attend the August 23, 2005 deposition. (Doc. 24).

On September 12, 2005, defendants filed their first motion to dismiss for failure to participate in discovery. (Doc. 24). Defendants acknowledged plaintiff's unfortunate loss of her job but argued that they had been prejudiced by the failure to obtain plaintiff's deposition. Defendants also reported that defense counsel had twice expended time to prepare and defendants had twice scheduled time off from work to attend the deposition. (Id.) Defendants asked the court to dismiss plaintiff's case for failure to prosecute. (Doc. 24).

Plaintiff responded that she now had funds to travel to Mobile and would be available at any

---

[1] On August 2, 2005, plaintiff's counsel called defense counsel and reported that plaintiff was unable to afford to come to Mobile for her deposition. The parties then arranged for plaintiff to attend her deposition on August 23, 2005, and filed their joint motion to extend discovery. (Doc. 24).

date for her deposition. (Doc. 25).  Plaintiff also stated that her counsel discussed another deposition date at the end of September or early October with defense counsel. (Id.)  Plaintiff also argued that defendant would not be prejudiced by another extension of the deadline and that the interests of justice would be served. (Id.).  Defendants filed a reply which outlined in detail the parties' communications regarding their efforts to arrange for a deposition date. (Doc. 26).  On September 23, 2005, the motion was denied but the court ordered plaintiff to attend a deposition during the week of September 24, 2005, ordered the defendants to file any request for attorneys' fees by October 3, 2005 and ordered plaintiff to respond by October 7, 2005. (Doc. 27).

On September 26, 2005, defendants filed their third notice of plaintiff's deposition (Doc. 28) and plaintiff was scheduled for deposition on September 27, 2005. (Doc. 29).  Plaintiff did not attend her deposition.  However, on September 29, 2005, plaintiff filed a motion to extend the discovery deadline wherein she moves the court to extend discovery until such time as she is financially able to travel to Mobile. (Doc. 29).  In support of the motion, counsel provided a copy of an e-mail from plaintiff wherein she stated she was currently in a shelter but would start work the first week of October, her car had left her stranded, and she had lost money given to her. (Id.)

On September 30, 2005, defendants filed their second motion to dismiss and their response to plaintiff's motion to extend discovery deadline. (Doc. 30).  Defendants argue that pursuant to this court's order a deposition was scheduled for September 27, 2005 but on the preceding day, plaintiff's counsel advised that he had not been able to contact his client. (Doc. 30).  Thus, plaintiff did not appear for her deposition.  Defendants point out that plaintiff's e-mail again relays information regarding her financial inability to return to Mobile and also that plaintiff's pleadings do not provide a date when she

could be deposed. (Doc. 29)

**Analysis**

Defendants have noticed plaintiff's deposition three times and on each occasion she has failed to attend. Also, the record indicates that she has served no written discovery nor noticed any depositions. Plaintiff primarily alleges that her failures to attend her deposition are caused by financial problems. However, plaintiff was first noticed for deposition on April 26, 2005, approximately four months prior to the initial end of discovery and five months prior to the last noticed date of deposition of September 27, 2005 during the extended discovery period. Thus, in addition to her apparent knowledge that she had filed a lawsuit in Mobile, Alabama, she also had time to financially prepare for the expense of travel to Mobile, Alabama. In her response to the first motion to dismiss, which precipitated a deposition scheduled for the week of September 24, 2005, plaintiff represented that she had funds for travel (Doc. 25). Based upon this information, the Court ordered plaintiff to attend a deposition during that week. However, in plaintiff's motion to extend the discovery deadline filed on September 29, 2005, she reported she had lost those funds (Doc. 29), and thus could not attend her third noticed deposition as she had been ordered.

Because of plaintiff's repeated failure to attend her own deposition and failure to comply with this court's order of September 23, 2005, (Doc. 27),[2] the undersigned concludes that plaintiff has abandoned the prosecution of this action. Pursuant to Rule 37(d) of the Federal

---

[2] In this court's prior order, plaintiff was ordered to appear at a deposition during the week of September 24, 2005 and was informed that her failure to appear would result in a recommendation that this case be dismissed for failure to prosecute. (Doc. 27).

Rules of Civil Procedure, if a party fails to attend their own deposition, this court, on motion, "may make such orders in regard to the failure as are just...".  Therefore, upon consideration of the alternatives that are available to the court and in consideration of plaintiff's failure to attend her own deposition and to follow this court's orders, it is recommended that plaintiff's motion to extend discovery deadlines until such time as she is financially able to travel to Mobile for discovery be **DENIED** and that this action be **DISMISSED** pursuant to Rule 41(b)[3] of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE the 17th day of October, 2005.

        **s / Kristi K. DuBose**
        **KRISTI K. DUBOSE**
        **UNITED STATES MAGISTRATE JUDGE**

---

[3] "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." FED. R. CIV. P. Rule 41(b).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. Rule 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. Rule 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  **S / KRISTI  K. DUBOSE**
                                                  **UNITED STATES MAGISTRATE JUDGE**